73 A.3d 1241

STATE OF NEW JERSEY, PLAINTIFF, v. JANE
H. CHUN, ET AL., DEFENDANTS.

September 18, 2013.

ORDER

This Court having previously issued its unanimous opinion
addressing the challenges raised by defendants to the scientific
reliability of the Alcotest 7110 MKIII–C (the Alcotest), *see State v.
Chun,* 194 *N.J.* 54, 943 *A.*2d 114 (2008), and the Court having
issued, along with its opinion, its implementing Order of March 17,
2008, *see id.* at 149–56, 943 *A.*2d 114,

And defendants having moved, M–1538, for an Order in Aid of
Litigants' Rights, *see R.* 1:10–3, contending that the State has
failed to comply with this Court's March 17, 2008, Order, principal-
ly by failing to create and maintain a centralized statewide data-
base, and asserting more specifically that the database lacks
integrity because it differs from the manner in which data was
previously stored on and available on CD–ROM, is incomplete as
to certain types of files and calibration cycles, is presented in a
format different from the one noted in the report of the Special
Master, and is subject to the third-party software developer's fee,

And defendants having requested that this Court deem the
State to have violated the March 17, 2008, Order and that this
Court therefore direct the State to redesign the database to
comply with defendants' understanding of the meaning and intent
of this Court's March 17, 2008, Order, and that this Court further
direct the State to ensure the integrity of the data in the database
and order other relief,

And the State having responded to the factual assertions con-
cerning the integrity and operation of the centralized statewide
database raised by defendants through the affidavits of Howard J.
Baum, Ph.D., Director of the Office of Forensic Sciences (OFS), a
Division of the New Jersey State Police, and of Ali M. Alaouie,

Ph.D., an OFS research scientist charged with oversight and monitoring of Alcotest data downloads and database integrity,

And the State having moved, M–1539, for an Order in Aid of Litigant's Rights, *see R.* 1:10–3, seeking to modify the Court's March 17, 2008, Order and to authorize the State to continue to utilize the Alcotest with Firmware version 3.11, which was evaluated during the proceedings that led to this Court's March 17, 2008, Opinion and Order,

And the State having therefore requested that it be relieved of further compliance with Paragraph 2 of this Court's Order of March 17, 2008, based on the State's representation that Firmware 3.13, which is the Alcotest software that was created in conjunction with Draeger Safety Diagnostics, Inc. (Draeger), the manufacturer and supplier of the Alcotest, in compliance with Paragraph 2 of this Court's March 17, 2008, Order, would effectively render the previously created database unusable and unworkable,

And the State having represented to the Court that Draeger has advised that the Alcotest will no longer be serviceable after 2016 and that the State is now in the process of evaluating alternate breath testing devices for implementation,

And defendants also having moved, M–1540, for an Order in Aid of Litigants' Rights, *see R.* 1:10–3, contending that, absent compliance with Paragraph 2 of this Court's March 17, 2008, Order, which directed that the specified software changes be made "forthwith[,]" the Alcotest is unsuitable for use in New Jersey,

And defendants having challenged the reliability of the Alcotest 7110 utilizing Firmware version 3.11 both in general and in particular through reiteration of and expansion upon arguments raised during the proceedings that led to this Court's March 17, 2008, Opinion and Order, including defendant's challenge to the Firmware's utilization of the fuel cell drift algorithm and the absence of implementation of software to account for the demonstrated physiological differences that impede the ability of women

over the age of sixty to provide a sufficient breath sample and that therefore raised the specter of inappropriate charges being brought against such women for refusal, *see N.J.S.A.* 39:4–50.4a,

And defendants having therefore requested that this Court declare that the Alcotest is not sufficiently scientifically reliable to be utilized in any prosecution for driving under the influence of alcohol,

And amicus curiae New Jersey State Bar Association having urged this Court to appoint a Special Master to engage in fact finding and evaluation of the State's compliance with this Court's March 17, 2008, Order and to oversee enforcement and implementation of that Order in all respects,

And the Court having considered the papers filed in support of and in opposition to each of the motions, and the Court having entertained the oral arguments of the parties and on behalf of amicus concerning the motions,

And the Court having concluded that the centralized statewide database is fully in compliance with this Court's Order of March 17, 2008, in all respects,

And the Court having further concluded that defendants have failed to demonstrate that the State has "willfully refused" to comply with this Court's March 17, 2008, Order, *see Pasqua v. Council,* 186 *N.J.* 127, 141 n. 2, 892 *A.2d* 663 (2006), and that the State has demonstrated that in spite of its best efforts to do so, it does not have the ability to comply with Paragraph 2 of the Order, *see Manalapan Realty, L.P. v. Twp. Comm. of Manalapan,* 140 *N.J.* 366, 392, 658 *A.2d* 1230 (1995), because of the unanticipated but unavoidable adverse impact of compliance that the implementation of Firmware version 3.13 would have upon the continued viability of the existing database,

And the Court having further concluded that the Alcotest 7110, utilizing Firmware version 3.11, remains scientifically reliable, and generates results that are admissible to prove a per se violation of the statutory prohibitions on driving while under the influence of

alcohol, when those results are utilized in strict compliance with Paragraphs 1, 3, 4, 5, 6 and the associated worksheets attached to this Court's March 17, 2008, Order,

And the Court having further concluded that although Paragraph 1(A)(3) of this Court's March 17, 2008, Order directed that certain AIR results be inadmissible in prosecutions of women over the age of sixty for violations of the refusal statute, *see N.J.S.A.* 39:4–50.4a, a further remedy is now necessary to protect the equal protection rights of women falling into that category,

And for good cause appearing,

1. IT IS ORDERED that defendants' motions for Orders in Aid of Litigants' Rights, M–1538, M–1540, are denied; and

2. IT IS ORDERED that the State's motion, M–1539, for relief from further compliance with Paragraph 2 of this Court's March 17, 2008, Order is granted; and

3. IT IS ORDERED that the State's motion, M–1539, for authorization to continue to utilize the Alcotest 7110 with Firmware version 3.11, and to deem the results admissible in accordance with this Court's March 17, 2008, Order and associated worksheets, with the exception of the provisions of Paragraph 2 thereof, is granted; and

4. IT IS ORDERED that, in addition to the directive in Paragraph 1(A)(3) of this Court's March 17, 2008, Order, concerning admissibility of Alcotest results for women over the age of 60 in prosecutions for refusal, *see N.J.S.A.* 39:4–50.4a, if the only evidence of refusal is the inadmissible AIR, such women may not be charged with, prosecuted for, or convicted of that offense.

*For affirmance*—Associate Justices LaVECCHIA, ALBIN, and PATTERSON and Judges CUFF and RODRÍGUEZ (both temporarily assigned)—6.

*Did not participate*—Chief Justice RABNER.